UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IVY ACORIN,<br><br>　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>WELLS FARGO, N.A., et al.,<br><br>　　　　　　　　　　Defendant. | Case No.:   24CV34-AJB(BLM)<br><br>**ORDER DENYING DEFENDANT EXPERIAN INFORMATION SOLUTIONS INC.'S MOTION FOR PROTECTIVE ORDER AND STAY OF DISCOVERY AND SCHEDULING ORDER DEADLINES PENDING RESOLUTION OF EXPERIAN'S MOTION TO COMPEL ARBITRATION**<br><br>**[ECF NO. 41]** |

Currently before the Court is Defendant Experian Information Solutions, Inc.'s November 15, 2024 Motion for Protective Order and Stay of Discovery and Scheduling Order Deadlines Pending Resolution of Experian's Motion to Compel Arbitration [ECF No. 41-1 ("Mot.")] and Plaintiff's November 25, 2024 opposition to the motion [ECF No. 43 ("Oppo.")].  For the reasons set forth below, Experian's motion is **DENIED**.

### DEFENDANT EXPERIAN'S POSITION

Experian seeks an order from the Court "suspending all further discovery obligations and a stay of all further discovery and Scheduling Order deadlines pending this Court's resolution of Experian's Arbitration Motion." Mot. at 13.  Experian argues that a protective order and stay is appropriate here, where Plaintiff is contractually obligated to arbitrate her dispute with Experian,

the arbitrator has the authority to control discovery over the dispute, and discovery in federal court would "deprive the parties of the benefit of their bargain and vitiate the terms of the parties' agreement." Id. at 2. Experian further argues that it satisfies the two-factor test for granting its motion because the pending motion to compel arbitration is a case dispositive motion and can be decided without further discovery. Id. at 5-6. Experian argues that a preliminary peek at the pending motion to compel arbitration "reveals that there is a reasonable possibility or probability the Court will compel arbitration in this case" and notes that this Court recently granted a motion to compel arbitration in another case involving the same arbitration agreement. Id. at 7 (citing Ben-Avi v. Experian Info. Sols., Inc., 2024 WL 3610972 (S.D. Cal. July 31, 2024)). Finally, Experian argues that it will be prejudiced if the matter is not stayed and that a stay will promote justice and efficiency. Id. at 9-12.

## **PLAINTIFF'S POSITION**

Plaintiff contends that Experian's motion should be denied as Experian has waived its right to arbitration by participating heavily in the instant matter, including in the discovery process. Oppo. at 6. Plaintiff also contends that she would be irreparably harmed and prejudiced if discovery was stayed as she has (1) participated in the discovery process and yet to receive any responses (due December 18, 2024) or receive any available dates for Experian's 30(b)(6) deposition, (2) scheduled the 30(b)(6) depositions of the related Defendants, and (3) scheduled her own deposition. Id. at 11-12. Plaintiff notes that a stay would not promote justice and efficiency and would in fact slow the case down while unfairly burdening Plaintiff. Id. at 11-14. Plaintiff further notes that Experian will not suffer prejudice if the stay is denied as it has already participated in the discovery it seeks to avoid through arbitration. Id. at 15-16.

## **LEGAL STANDARD**

The Federal Rules of Civil Procedure do not automatically stay discovery when a potentially dispositive motion is pending. See Optronic Technologies, Inc. v. Ningbo Sunny Electronic Co., Ltd., 2018 WL 1569811, at *1 (N.D. Cal., Feb. 16, 2018) (quoting Skellerup Indus. v. City of Los Angeles, 163 F.R.D. 598, 600-01 (C.D. Cal. 1995) ("[t]he moving party must show

a particular and specific need for the protective order, as opposed to making stereotyped or conclusory statements."); see also Federal Housing Finance Agency v. GR Investments, LLC, 2019 WL 2527563, at *1 (D. Nev., June 18, 2019) ("[b]ut the Rules do not provide for an automatic stay of discovery when a potentially dispositive motion is pending. Thus, a pending dispositive motion "is not ordinarily a situation that in and of itself would warrant a stay of discovery.") (quoting Turner Broad. Sys., Inc. v. Tracinda Corp., 175 F.R.D. 554, 556 (D. Nev. 1997)); Ocean Garden Products Incorporated v. Blessings Inc., 2020 WL 4284383, at *3 (D. Ariz., July 27, 2020) ("[d]iscovery stays are not automatic.") (quoting Optronic Techs., 2018 WL 1569811, at *1).  A motion to stay discovery must be supported by good cause and a "strong showing." See United States v. Dynamic Medical Systems, LLC, 2020 WL 3035219, at *3 (E.D. Cal., June 5, 2020) (quoting Blankenship v. Hearst Corp., 519 F.2d 418, 429 (9th Cir. 1975)). When deciding whether to grant a stay of discovery, the court must consider the objectives of Fed. R. Civ. P. 1 to ensure a "just, speedy, and inexpensive determination of every action." Federal Housing Finance Agency, 2019 WL 2527563, at *1 (quoting Tradebay, LLC v. eBay, Inc., 278 F.R.D. 597, 602-603 (D. Nev. 2011)).  District courts have "wide discretion in controlling discovery" and that discretion extends to staying discovery upon a showing of "good cause." Onn v. Carnival Corp., 2021 WL 1267264, at *1 (N.D. Cal., Apr. 6, 2021) (quoting Little v. City of Seattle, 863 F.2d 681, 685 (9th Cir. 1988)); see also Cellwitch, Inc. v. Tile, Inc., 2019 WL 5394848, at *1 (N.D. Cal., Oct. 22, 2019) ("The Court has discretion to stay discovery pending the resolution of dispositive motions, including motions to dismiss").

The Ninth Circuit has not established a clear standard for deciding whether to stay discovery when a potentially dispositive motion is pending but many federal district courts in California have utilized a two-part test.  Mlejnecky v. Olympus Imaging Am., Inc., 2011 WL 489743, at *6 (E.D. Cal. Feb. 7, 2011); see also PC Specialists, Inc. v. Micros Systems, Inc., 2011 WL 3475369, at *4 (S.D. Cal. Aug. 9, 2011) ("Defendant fail[ed] to address the factors the Court must consider in determining whether to . . . stay discovery, e.g., Mlejnecky, 2011 WL 489743, at *5-6."). "First, the pending motion must be potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is aimed.  Second, the court must

determine whether the pending, potentially dispositive motion can be decided absent additional discovery." Mlejnecky, 2011 WL 489743, at *6.  If either part of the test is not met, discovery should proceed. Id.  This two-factor test "requires the court to take a 'preliminary peek' at the merits of the pending, potentially dispositive motion to determine whether a stay is granted." Cellwitch, Inc., 2019 WL 5394848, at *1 (citing Tradebay, 278 F.R.D. at 602).

"Other courts in the Ninth Circuit have applied a more lenient standard in determining whether a motion to stay should be granted pending a resolution of a potentially dispositive motion." Tradebay, 278 F.R.D. at 602 (citing GTE Wireless, Inc. v. Qualcomm, Inc., 192 F.R.D. 284, 286 (S.D. Cal. 2000) (stating the court should "take a preliminary peek at the merits of the allegedly dispositive motion to see if on its face there appears to be an immediate and clear possibility that it will be granted." (quoting Feldman v. Flood, 176 F.R.D. 651, 652 (M.D. Fla. 1997) (emphasis in original))).  In a third approach, courts have analyzed several factors on a case-by-case basis, including  the type of pending dispositive motion and whether it is a challenge as a matter of law or to the sufficiency of the complaint allegations; the nature and complexity of the action; whether counterclaims and/or cross-claims have been asserted; whether some or all of the defendants join in the request for a stay; the posture or stage of the litigation; the expected extent of discovery in light of the number of parties and complexity of the issues in the case; and any other relevant circumstances. Id.  These cases find that discovery should be stayed "only when there are no factual issues in need of further immediate exploration, and the issues before the Court are purely questions of law that are potentially dispositive." Id. (quoting Hachette Distribution v. Hudson County News Co., 136 F.R.D. 356 (E.D. N.Y. 1991)).

## **DISCUSSION**

Experian has not provided good cause or a strong showing in support of an order staying discovery.  While the Court agrees that the pending Motion to Compel Arbitration could be case dispositive and that additional discovery is not necessary to resolve the Motion to Compel Arbitration, the Court in its discretion finds that the circumstances of this case do not warrant or support a stay of discovery.  Experian's decision to wait nearly a full year, 300 days, after the

case was initiated, create a Joint Discovery Plan, attend and participate in an Early Neutral Evaluation Conference and Case Management Conference, and actively participate in serving and responding to discovery, before deciding to file its Motion to Compel Arbitration severely undermines Experian's argument that it will suffer irreparable harm and prejudice if discovery is not stayed in this matter. Discovery has been open for more than four months and there are only six weeks remaining. The Court is not persuaded that allowing the remaining discovery period to continue while the Motion to Compel Arbitration is pending will prejudice or harm Experian. Had Experian truly been concerned about losing the benefits of the arbitration process, it would have and should have filed its Motion to Compel Arbitration much earlier. On the contrary, the Court does find that Plaintiff would be prejudiced if the request to stay discovery was granted. Additionally, the Court finds that staying the case would not promote justice and efficiency. Accordingly, Experian's Motion to is **DENIED**. The pretrial deadlines remain as previously set. See ECF No. 16.

**IT IS SO ORDERED**.

Dated: 11/29/2024

Hon. Barbara L. Major
United States Magistrate Judge